FILED
SUPERIOR COURT
OF GUAM

2021 MAR -5 PM 2: 01

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **Criminal Case No. CF0595-17** |
| | GPD Report No. 17-28974 |
| Plaintiff, | |
| v. | **DECISION AND ORDER GRANTING REVOCATION OF PROBATION** |
| JACOB ZACHARY Q. DE-GUZMAN, DOB: 01/07/1998 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 26, 2021 for Further Proceedings in the above captioned matter related to Jacob Zachary Q. De-Guzman's (Defendant's") failure to abide by his probationary terms. During the hearing, the Court revoked the Defendant's probation, sentenced Defendant to 1 (one) year incarceration, and now issues this written decision memorializing its ruling.

## BACKGROUND

In October 2017, the Defendant was charged with Retail Theft (as a 3rd Degree Felony). Magistrate's Complaint, (Oct. 18, 2017).

Defendant posted $2,000 bail and the Probation Office imposed the following relevant conditions on his pre-trial release:

- Obey all federal and local laws of Guam

- Report to the Probation Office in-person, weekly
- Submit to random alcohol/drug testing at the request of the Probation Office

Order of Conditional Release and Appearance Bond, (Oct. 18, 2017).

On November 9, 2017, Defendant failed to obey all laws of Guam as he was arrested and charged for Burglary (as a 2nd Degree Felony), Family Violence (as a Misdemeanor), and Child Abuse (as a Misdemeanor) in CF0639-17. 1st Violation Report (Nov. 13, 2017).

On January 9, 2018, it was made known that Defendant hadn't reported to the Probation Office in over 1.5 months, in violation of his weekly reporting obligations. 2nd Violation Report (Jan. 9, 2018).

On January 10, 2018, Defendant reported to the Probation Office and was chosen for a random drug test. However, Defendant failed to submit to the drug test and instead left the Probation Office. 3rd Violation Report (Jan. 10, 2018).

On April 21, 2018, Defendant again failed to obey all laws of Guam as he was arrested and charged for Theft (as a Misdemeanor) and Theft of Services (as a Misdemeanor) in CM0186-18. 4th Violation Report (Apr. 24, 2018).

On October 10, 2018, Defendant again failed to obey all laws of Guam as he was arrested and charged for Criminal Trespass (as a Misdemeanor) in CM0470-18. 5th Violation Report (Oct. 11, 2018).

On March 22, 2019, Defendant once again failed to obey all laws of Guam as he was arrested and charged for Theft by Receiving (as a 2nd Degree Felony) and Theft (as a 2nd Degree Felony) in CF0175-19. 6th Violation Report.

Defendant subsequently pled guilty to Retail Theft (as a Misdemeanor), as a *lesser-included offense* of Retail Theft (as a 3rd Degree Felony). Judgment of Conviction (Jun. 11, 2019). A judgment was entered imposing the following relevant terms of the agreement:

- Pay a fine of one hundred dollars ($100.00)
- Pay court costs of eighty dollars ($80.00)
- Undergo and successfully complete a theft prevention program
- Report to the Client Services and Family Counseling ("CSFC") within the Superior Court of Guam for intake and assessment
- Complete one hundred (100) hours of community service

Id.

On January 15, 2021, a violation report was filed stating Defendant failed to make any payments towards his fine or court costs, failed to register for and attend a theft prevention program, failed to check-in at CSFC for intake and processing, and failed to complete the 100 hours of community service. 1st Violation Report (Jan. 15, 2021).

The Court held Further Proceedings on February 26, 2021, in which the court decided to revoke the Defendant's probation. (Minute Entry, Feb. 26, 2021).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

[T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant failed to pay any of his fines or court costs, failed to complete a theft prevention program, failed to appear at CSFC for intake/processing, and failed to complete his community service.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant accumulated multiple violations both while on pre-trial release and on post-trial probation. Defendant has picked up many felony charges against him since his initial October pre-trial release. This is in

addition to his probation violations concerning fees and treatment/counseling. Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore the court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 GCA 80.66(a)(2).

**IT IS SO ORDERED** on this ___Mar. 5, 2021___ *nunc pro tunc* to February 26, 2021.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, PDSC

Date: 3/5/21 Time: 2:07 pm
Antonio ___ Cruz
Deputy Clerk, Superior Court of Guam